UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SANDRA PRUITT,

    Plaintiff,

    v.

BANK OF AMERICA, N.A., and
BANK OF NEW YORK MELLON,

    Defendants.

Civil Action No. TDC-15-1310

**MEMORANDUM OPINION**

Plaintiff Sandra Pruitt, who is self-represented, has filed suit against Defendants Bank of America, N.A. ("Bank of America") and Bank of New York Mellon. Pending before the Court is Defendants' Motion to Dismiss. The Motion is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. *See* D. Md. Local Rule 105.6. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

The following facts are presented in the light most favorable to Pruitt, the nonmoving party:

**I.    Pruitt's Mortgage Loan**

On March 22, 2006, Pruitt received a mortgage loan from American Home Mortgage for a residential property at 7406 Shady Glen Terrace in Capitol Heights, Maryland. Pruitt's promissory note (the "Note") was secured by a deed of trust (the "Deed of Trust"), which names American Home Mortgage as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender and as the beneficiary. Both the Note and the Deed of

Trust state that the Note may be transferred, and the Deed of Trust provides that such a transfer may occur without prior notice to the borrower and "might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security Instrument." Def.'s Mot. to Dismiss Ex. B, Deed of Trust at 11, ECF No. 16-3.

In August 2007, American Home Mortgage went out of business. Over four years later, on February 13, 2012, an employee of Bank of America, Beverly Brook, executed an assignment of the Deed of Trust (the "Assignment") transferring the Deed of Trust "together with the note(s) and obligations therein described" from MERS to the Bank of New York Mellon.[1] Deed of Trust at 46; Compl. ¶¶ 7, 12, ECF No. 2.

At some point after receiving her mortgage loan, Pruitt began making payments to Bank of America. In January 2013, Pruitt received a letter from Bank of America informing her that she was eligible for a loan modification. The letter stated that, if Pruitt sent Bank of America certain documents by a particular date, Bank of America would grant the modification, reduce Pruitt's loan principal from $165,000 to $98,000, and lower her monthly payments from $1,000 to $650. Pruitt sent Bank of America the required documents before the deadline, but Bank of America claimed not to have received them. Although Bank of America later admitted that it had received the documents, it did not modify Pruitt's loan.

## II. Procedural History

On March 9, 2015, Pruitt filed a Complaint in the Circuit Court for Prince George's County, Maryland. The Complaint contains five counts: usury, unjust enrichment, declaratory judgment, breach of contract, and promissory estoppel. On May 7, 2015, Defendants removed

---

[1] For purposes of the Motion to Dismiss, the Court considers the Note, the Deed of Trust, and the Assignment, which were attached to the Motion, because they are integral to the Complaint and are of undisputed authenticity. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

the case to this Court on the basis of diversity jurisdiction.  On June 15, 2015, Defendants filed the pending Motion to Dismiss.  Pruitt has not submitted a response.

## DISCUSSION

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678.  The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

### II. Defendants' Authority to Enforce the Note and the Deed of Trust

Pruitt's claims for usury, unjust enrichment, and declaratory relief hinge on her contention that Defendants are not entitled to enforce the terms of the Note or the Deed of Trust.  Pruitt asserts that her lender, American Home Mortgage, lost its interest in the Note and Deed of Trust once it became defunct.  Although the February 13, 2012 Assignment purports to transfer the Deed of Trust and the Note from MERS to Bank of New York Mellon, Pruitt contends that MERS lacked the authority to transfer rights in these instruments.  Pruitt also contends that the "identity of the true holder of the promissory note in February 2012 is unknown," but that it was not MERS, Bank of America, or Bank of New York Mellon.  Compl. ¶¶ 11-13.

Pruitt's argument suffers from two defects. First, MERS did have authority to assign the Deed of Trust. The Deed of Trust names MERS and "the successors and assigns of MERS" as the beneficiaries and nominees of the lender, American Home Mortgage. Deed of Trust at 3. It thus expressly grants MERS the right to assign the Deed of Trust. *See McNeil v. Bank of America, N.A.*, No. DKC–13–2162, 2014 WL 1831115, at *5 (D. Md. May 7, 2014). MERS operates a system of recordation, which tracks ownership interests in residential mortgages in an electronic database. *See Anderson v. Burson*, 35 A.3d 452, 455-56 (Md. 2011). Courts reviewing challenges to this electronic system of transferring rights "have found that the system of recordation is proper and assignments made through that system are valid." *Suss v. JP Morgan Chase Bank, N.A.*, No. WMN–09–1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010) (collecting cases); *see also McNeil*, 2014 WL 1831115 at *5; *Parker v. Deutsche Bank Nat'l Trust Co.*, No. WMN–12–3358, 2013 WL 1390004, at *3 (D. Md. Apr. 3, 2013).

Second, Pruitt lacks standing to challenge the validity of the transactions that transferred to Defendants the rights to enforce the Note and the Deed of Trust. *See Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) (finding that the borrower, a non-party to the assignment, lacked standing to challenge the assignment of the note under Virginia law). Under Maryland law, a person cannot sue under a contract when that person is neither a party to nor a third-party beneficiary of the contract. *120 W. Fayette v. Baltimore*, 43 A.3d 355, 368 (Md. 2012). The assignment of a promissory note or deed of trust is a contract to which a mortgagor, such as Pruitt, is neither a party nor a third-party beneficiary. *Wolf*, 512 F. App'x at 342. As Pruitt acknowledged when she signed the Deed of Trust, the Note could be transferred. Such an assignment affects the rights and obligations of the parties to the transfer, not Pruitt,

whose obligation to make monthly payments remains. *Id.* Consequently, Pruitt lacks standing to challenge the Assignment.

### III.  Unjust Enrichment and Declaratory Judgment (Counts II and III)

Pruitt's unjust enrichment and declaratory judgment claims depend entirely upon her theory that Defendants do not have the authority to enforce the Note and Deed of Trust. Pruitt asserts that Bank of America was unjustly enriched when it received Pruitt's mortgage payments because it was not entitled to those payments under the Note. She also seeks a declaratory judgment that Defendants do not have any right to payment under the Note.

As noted above, however, MERS had the authority to effect the Assignment, and because Pruitt lacks standing to challenge the validity of the Assignment, she cannot contest Defendants' authority to enforce the Note or the Deed of Trust in this proceeding. These counts do not assert any other claims based on Pruitt's own rights or duties under the Note or the Deed of Trust. Pruitt's claims for unjust enrichment and declaratory judgment must therefore be dismissed.

### IV.  Usury (Count I)

Pruitt argues that Bank of America engaged in usury by charging her more than six percent interest on her mortgage loan. Although Maryland law generally caps annual interest rates at six percent, Md. Code, Comm. Law § 12-102 (2015), it contains an exception for loans "secured by a first mortgage or first deed of trust on any interest in residential real property," *id.* § 12-103(b)(1)(ii). The lender may charge any rate of interest for these loans, provided that the borrower has signed a written agreement which sets out the rate and does not include a penalty for prepayment or require prepayment of interest. *Id.* § 12-103(b)(1).

A review of the Note, which Pruitt signed, indicates that it satisfies these conditions, and Pruitt does not contend otherwise. Bank of America therefore did not engage in usury by charging her the interest rate she agreed to pay. Pruitt's usury claim is dismissed.

## V.     Breach of Contract and Promissory Estoppel (Counts IV and V)

Pruitt's breach of contract and promissory estoppel claims stem from her assertion that Bank of America reneged on its promise to modify her mortgage loan. Under Maryland law, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). "The formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of America*, 392 F.3d 114, 123 (4th Cir. 2004) (citing *Peer v. First Fed. Sav. & Loan Ass'n of Cumberland*, 331 A.2d 299, 301 (Md. 1975)).

Pruitt alleges that Bank of America offered to modify her mortgage in a January 2013 letter. That offer came with definite terms, including the manner of acceptance and the exact amounts by which Pruitt's mortgage principal and monthly payments would be reduced. Pruitt accepted the offer by sending Bank of America the required information in a timely fashion. Defendants counter that Pruitt has failed to plead facts to support the formation or breach of a contractual obligation because she alleges only that Bank of America informed her that she was *eligible* for a loan modification, not that Bank of America would actually grant the modification. Defendants, however, fail to acknowledge the portions of Pruitt's Complaint claiming that Bank of America not only notified her of her eligibility, but also stated that she "would receive the modification if she provided certain documentation by a certain date." Compl. ¶ 40. Consequently, Pruitt has stated a claim for breach of contract.

Promissory estoppel, or detrimental reliance, is an alternative means for proving the existence of a contractual relationship. *Pavel Enters. v. A.S. Johnson Co., Inc.*, 674 A.2d 521, 534 (Md. 1996). The elements of promissory estoppel are:

(1) a clear and definite promise;

(2) where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee;

(3) which does induce actual and reasonable action or forbearance by the promisee; and

(4) causes a detriment which can only be avoided by the enforcement of the promise.

*Id.* at 532.

Pruitt contends that Bank of America made a clear and definite promise to reduce her mortgage principal and monthly payments by specific amounts. It was reasonable to expect that Pruitt would rely on that promise, and her reliance caused her to incur interest, fees, and costs she would have otherwise avoided by selling the property, refinancing the property, obtaining funds to bring the loan current, or seeking out another loan modification. *See Allen v. CitiMortgage, Inc.*, No. CCB-10-2740, 2011 WL 3425665, at *8 (D. Md. Aug. 4, 2011) (holding that plaintiffs stated a claim for promissory estoppel where they alleged that their mortgage servicer had promised that, if they complied with the terms of a Trial Period Plan agreement, the servicer would grant a permanent loan modification and not report them as delinquent to credit reporting agencies, and that they detrimentally relied on the promise by forgoing other options such as selling their home).

As with the breach of contract claim, Defendants' sole point of opposition is that Bank of America's letter only informed Pruitt of her eligibility, rather than promising to modify her loan. The record does not contain the letter, and at this stage, the accusations in the Complaint are taken as true. Pruitt has therefore stated a claim for promissory estoppel.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to Pruitt's claims for usury, unjust enrichment, and declaratory judgment, which are DISMISSED. The Motion is DENIED as to Pruitt's claims for breach of contract and promissory estoppel. A separate Order shall issue.


Date: January 28, 2016                                             /s/
                                                          THEODORE D. CHUANG
                                                          United States District Judge