IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SANDRA PRUITT, Plaintiff, | * * | |
| v. | * | Civil Action No. PX 8:15-cv-01310 |
| BANK OF AMERICA, N.A., *et al.*, Defendants. | * * | |

**MEMORANDUM OPINION**

Pending before the Court is a motion for sanctions filed by Defendants Bank of America, N.A ("BANA") and Bank of New York Mellon (collectively "Defendants"). ECF No. 41. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motion is granted.

**I.    Background**

On March 9, 2015, Sandra Pruitt ("Pruitt" or "Plaintiff") filed a complaint in the Circuit Court for Prince George's County, Maryland. ECF No. 2. The complaint was properly removed to this Court on May 7, 2015. ECF No. 1. In her complaint, Pruitt alleges that Defendants are not entitled to enforce the terms of a mortgage loan and the related deed of trust and that Defendant Bank of America reneged on its promise to modify her mortgage loan. She asserts five counts: usury, unjust enrichment, declaratory judgment, breach of contract, and promissory estoppel.

On June 15, 2015, Defendants BANA and Bank of New York Mellon filed a motion to dismiss under Rule 12(b)(6). ECF No. 16. The Court wrote Pruitt a letter, dated June 16, 2015, cautioning Pruitt that her case could be dismissed if she failed to respond. ECF No. 17. Pruitt did not provide any opposition or response of any kind to Defendants' motion. On January, 28, 2016,

the Court granted the motion to dismiss in part and denied the motion as to Plaintiff's claims of breach of contract and promissory estoppel. ECF No. 21.

After Defendants BANA and Bank of New York Mellon answered the complaint, the Court entered a scheduling order on February 16, 2016. The Court originally anticipated that discovery would close on June 30, 2016. The dispositive motions deadline was set for roughly a month later. ECF No. 23 at 2. On August 9, 2016, the scheduling order was amended, with the close of discovery scheduled for August 30, 2016 and dispositive motions due roughly a month later. ECF No. 31.

On September 14, 2016, Defendant BANA filed a motion to compel discovery and for sanctions (ECF No. 35), alleging that interrogatories propounded upon Plaintiff on May 6, 2016 went unanswered. Defendants also requested that sanctions be imposed should Plaintiff fail to appear at her September 22, 2016 deposition. Then, in Defendants' September 27, 2016 motion to modify the scheduling order (ECF No. 36), Defendants BANA and Bank of New York Mellon informed the Court that Plaintiff failed to appear at her September 22, 2016 deposition.[1] Plaintiff did not respond to either motion.

On October 4, 2016, this Court granted in part Defendant BANA's motion to compel, ordering Pruitt to provide discovery responses no later than October 21, 2016. ECF No. 38 at 2. Pruitt was also ordered to attend a deposition no later than October 26, 2016. *Id.* The Court cautioned Plaintiff that "failure to obey this Memorandum Opinion and Order may result in sanctions, including dismissal of the action, upon motion by the Defendant." *Id.* The Court sent the order to Plaintiff via certified mail to Plaintiff's last-known address. *See* Docket Entry for ECF No. 38.

---

[1] Defendants' motion to modify the scheduling order was granted on September 28, 2016. ECF No. 37.

Defendants moved for sanctions on November 9, 2016, arguing that dismissal was warranted because Plaintiff failed to comply with this Court's order. ECF No. 40. Pruitt did not respond to this motion. Nonetheless, the Court denied the motion without prejudice because it was not accompanied by a Certificate of Good Faith as required by Local Rule 104.7. ECF No. 40. Defendants re-filed their motion on November 29, 2016, accompanied by a Certificate of Good Faith. ECF Nos. 40 & 41-2. Counsel for Defendant BANA certified that she sent correspondence to Plaintiff on July 13, 2016, September 6, 2016, September 12, 2016, September 20, 2016, and September 21, 2016 to obtain Plaintiff's discovery responses and to schedule Plaintiff's deposition. ECF No. 41-2 at 5–11. On October 4, 2016, BANA's counsel forwarded the Court's October 4, 2016 order to Plaintiff. ECF No. 41-2 at 2, 11. Plaintiff did not respond to Defendant's emails, did not provide discovery responses, and did not make herself available for deposition by the Court's deadline. ECF No. 41-2 at 2; ECF No. 41-1 at 2–4. Consequently, the Defendants sought dismissal of the action.

## II.     Analysis

Defendants BANA and Bank of New York Mellon seek sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). That rule permits a district court to impose certain punitive measures, up to and including dismissal, on any party who disobeys a discovery order. Fed. R. Civ. P. 37(b)(2) (A). "Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case." 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2289 (3d ed. 2016); *see also Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders.").

Defendants specifically ask the Court to impose dismissal, "the most severe in the spectrum of sanctions." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). But "[w]hile the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, it is not a discretion without bounds or limits." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quotation marks and brackets omitted). This is particularly so when a party requests the severe penalty of dismissal. *Id.* Thus, a district court should consider four factors in determining what sanctions to impose under Rule 37: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte–Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (quotation marks omitted).

A party's total failure to comply with the mandates of discovery, with no explanation for that failure, can certainly justify this harshest of sanctions. *See, e.g.*, *CoStar Realty Info., Inc. v. Field*, 737 F. Supp. 2d 496, 502 (D. Md. 2010); *Middlebrooks v. Sebelius*, No. 04–2792, 2009 WL 2514111, at *1–3 (D. Md. Aug. 13, 2009); *Aerodyne Sys. Eng'g, Ltd. v. Heritage Int'l Bank*, 115 F.R.D. 281, 290–91 (D. Md. 1987) (dismissing complaint without prejudice where plaintiff failed for several months to respond adequately to discovery requests, ignored court orders, and did not seeks extensions or protective orders); *see also Roman v. ESB, Inc.*, 550 F.2d 1343, 1349 (4th Cir. 1976) (finding dismissal sanction appropriate where plaintiffs "had failed to respond to interrogatories; failed to respond to an order entered by the district court requiring a response to the interrogatories; and additionally failed to respond upon specific request after the court had denied, without prejudice, a first motion to dismiss").

Interrogatories and depositions are important elements of discovery; a defendant would be hard-pressed to conduct its case without them. When a plaintiff refuses to respond to such requests, it can have a debilitating effect on the rest of the litigation. "If a party served with interrogatories fails to answer them on time, or at all, . . . such action can have a spiraling effect on the future scheduling of discovery, and inject into the litigation collateral disputes which typically require the intervention of the court to resolve." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997). Likewise, failure to attend a deposition can derail the discovery process. *See Rogler v. Fotos*, No. WDQ-14-228, 2015 WL 7253688, at *5 (D. Md. Nov. 17, 2015), *aff'd*, No. 16-1323, 2016 WL 4501957 (4th Cir. Aug. 29, 2016) (citing *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) ('[T]he plaintiff . . . must prove [her] case, as well as give the defendant an opportunity to prepare against it.')).

Although the sanction of dismissal is to be used sparingly, it seems especially appropriate here. Since filing suit, Pruitt has largely absented herself from pursuing her own case. Even after being warned of the prospects of dismissal, she has not contacted this Court or the Defendants at all. Her non-compliance is highly suggestive of bad faith. *See Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. PWG-11-3555, 2013 WL 3863935, at *3 (D. Md. July 23, 2013).

Moreover, an absolute lack of discovery results in clear prejudice to the Defendants. *See, e.g.*, *Middlebrooks*, 2009 WL 2514111, at *3 ("The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available."); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."). "No litigant

can be permitted to file a law suit and then ignore discovery obligations." *Goldring v. Town of La Plata, Md.*, No. DKC 04–1052, 2005 WL 1075435, at *2 (D. Md. May 4, 2005). Because of Pruitt's behavior, the Defendants have been unable to obtain information about Pruitt's alleged injuries or the manner in which she suffered them. ECF No. 41-1 at 3–5.

In addition, the need to deter this type of conduct is manifest. Civil cases simply cannot proceed without participation by all parties in discovery. Conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 93 (4th Cir. 1989). Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other District Courts." *Nat'l Hockey League*, 427 U.S. at 643.

Pruitt's failure to respond to Defendants' discovery requests, combined with her subsequent willful disregard of a court order, undermines this Court's ability to manage this case effectively and fairly. Given that this Court's direct, unequivocal order has been met with Pruitt's silence, there is nothing to indicate that a less drastic sanction would lead to different results. *See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998); *Middlebrooks*, 2009 WL 2514111, at *3. Accordingly, the Court grants Defendants' motion and will dismiss Pruitt's complaint.

### III. Conclusion

For the foregoing reasons, the Defendants' motion for sanctions will be granted. A separate order will follow.

Date: December 2, 2016                                   /S/
                                                 The Honorable Paula Xinis
                                                 United States District Court